**JUDGE CARTER**

Martin F. Casey
Janine E. Brown
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

# 13 CV 7516

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

2013 Civ.

AMLIN CORPORATE INSURANCE  a/s/o LOUIS
DREYFUS COMMODITIES,

      Plaintiff,

      - against –

MEDITERRANEAN SHIPPING COMPANY S.A.
and PORTS AMERICA,

      Defendants.

-----------------------------------------------------------X

**COMPLAINT**



RECEIVED
OCT 2 4 2013
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff, AMLIN CORPORATE INSURANCE a/s/o LOUIS DREYFUS COMMODITIES, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333, 28 U.S.C. §1367 and 28 U.S.C. §1332.

## PARTIES

      2.    At all material times, AMLIN CORPORATE INSURANCE (hereinafter "Amlin" or "Plaintiff") was and is a corporation with an office and place of business located at Meir 48,

B-2000 Antwerp, Belgium, and is the subrogated underwriter of a consignment of 1,920 bags of green coffee, as described below.

3.      At all material times, LOUIS DREYFUS COMMODITIES (hereinafter "Louis Dreyfus" or "Plaintiff") was and is a corporation with an office and place of business located at 40 Danbury Road, Wilton, Connecticut 06897, and is the shipper and owner of a consignment of 1,920 bags of green coffee, as described below.

4.      At all material times, defendant, MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "Defendant" or "MSC") was and is a corporation with an office and place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

5.      At all material times, defendant, PORTS AMERICA (hereinafter "Ports America" or "Defendant") was and is a corporation with an office and place of business located at 525 Washington Boulevard, Suite 1660, Jersey City, New Jersey 070310 and at all relevant times, was and is still doing business as Operator of the Port Newark Container Terminal (hereinafter "the Terminal" or "PNCT") located at 241 Calcutta Street, Newark, New Jersey 07114.

6.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION

7.      On or about September 25, 2012, a consignment, consisting of 1,920 bags of green coffee, then being in good order and condition, was laden into containers FCIU4334201, FSCU3905645, MEDU3090063, MEDU3780135, TCLU2558263 and TCLU2735076, and was delivered to defendants and/or their agents at the port of Mombasa, Kenya, for transportation to

the port of New York, New York aboard the MSC ANAFI in consideration of an agreed upon freight, pursuant to MSC Bill of Lading MSCUKE601584 dated September 26, 2012.

8.     On October 25, 2012, the subject consignment arrived at the port of New York and defendant MSC discharged the containers at Port Newark Container Terminal in Newark, New Jersey.

9.     On or about October 29, 2012, Hurricane Sandy made landfall and the subject cargo sustained severe water damage due to water infiltration as a result of tidal surge.

10.    Despite these clear and present warnings of the impending storm, defendants did not move or otherwise transport the consignment away from the flood risk terminal.

11.    As a result, 1,280 bags of green coffee laden in containers MEDU3780135, MEDU3090063, TCLU2558263, and TCLU2735076 were damaged, resulting in a loss of no less than $150,335.14.

12.    The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants and/or their agents.

13.    Defendants and/or their agents failed to take all reasonable measures and precautions to prevent damage to the subject cargo in light of the impending, forecasted, and highly publicized storm.

14.    By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $150,335.14.

**WHEREFORE,** Plaintiff prays:

1.    That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That judgment may be entered in favor of plaintiff against defendants, jointly and severally, for the amount of plaintiff's damages in the amount of at least $150,335.14, together with interests, costs and the disbursements of this action; and

3.    That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
           October 24, 2013
           424-08

                                                    CASEY & BARNETT, LLC
                                                    Attorneys for Plaintiff


                                    By:    _____
                                                    Martin F. Casey
                                                    Janine E. Brown
                                                    65 West 36th Street, 9th Floor
                                                    New York, New York 10018
                                                    (212) 286-0225

4